**In re AMERICAN INTERNATIONAL GROUP, INC. SECURITIES LITIGATION**

Florida State Board of Administration, Plaintiff,

v.

American International Group, Inc., Maurice Greenberg, Martin J. Sullivan, Howard Smith, Michael J. Castelli, Christian Milton, L. Michael Murphy, Karen Radke, Jean–Baptist Tateossian, and David N. Fields, Defendants.

Nos. 04 Civ. 8141(JES), 05 Civ. 7886(JES).

United States District Court, S.D. New York.

March 2, 2007.

Jim Petro, Attorney General of Ohio, Labaton Sucharow & Rudoff LLP (Thomas A. Dubbs, Louis Gottlieb, Martis Alex, Donald P. Delaney, of counsel), New York, NY, for Plaintiff Ohio State, Funds and for Class.

Hahn Loeser & Parks LLP (Alan Kopit, of counsel), Cleveland, OH, for Attorney General of Ohio, Ohio State Funds, and Class.

Williams & Connolly LLP (Gerald A. Feffer, Craig D. Singer, Stephen D. Andrews, of counsel), Washington, D.C., for Defendant Michael Murphy.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Before the Court are two Motions to Dismiss filed by defendant Michael Murphy ("Murphy"). For the reasons set forth below, the Court denies both Motions.

## BACKGROUND

The above-captioned actions are securities fraud actions [1] on behalf of persons who purchased publicly-traded securities of American International Group ("AIG"). Murphy was a senior executive at AIG's offices in Bermuda.

Plaintiffs in the action captioned 04–8141 first attempted to serve Murphy through Bermuda's Central Authority, which never personally served Murphy, instead delivering the papers to Murphy's wife. *See* Def.'s Mem. of Law, dated December 19, 2005, 1–2; Pls.' Mem. of Law, dated February 6, 2006, 48–49. Plaintiffs in the action captioned 05–7886 served defendant Murphy through a private process server in January 2006. *See* Pls.' Mem. of Law in Opp'n to Mot. to Dismiss, dated March 17, 2006, 21. Defendant Murphy filed Motions to Dismiss in both actions under Rule 12(b)(5) & (6). The Court reserved decision on these Motions pending plaintiffs' attempt to re-serve defendant.[2] *See* Order, dated April 27, 2006 (04–8141); Order, dated April 27, 2006 (05–7886).

Ultimately, in both actions, defendant Murphy was served personally by private process servers.[3] *See* Def.'s Status Report Regarding His Motion to Dismiss (04–8141), dated November 22, 2006, 2; Pl.'s Mem. of Law (05–7886), dated March 17, 2006, 21.

## DISCUSSION

When a defendant challenges the sufficiency of service of process under Rule 12(b)(5), "the plaintiff bears the burden of proving its adequacy." *See Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F.Supp.2d 367, 384 (S.D.N.Y.2006) (internal quotations omitted). In considering such a motion, a Court "must look to matters outside the complaint to determine whether it has jurisdiction." *See id.* (internal quotations omitted).

The United States and Bermuda are both signatories to the Hague Convention. *See* Hague Convention, November 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (appended to

Fed.R.Civ.P. 4) ("Hague Convention"). The Hague Convention authorizes up to four alternative methods of serving process: "(1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir.2005); Hague Convention, Articles 5–6. 8–10.

The Hague Convention directs parties to serve process through the Central Authority of the State addressed, *see* Hague Convention, Article 5, but specifically states that it does not interfere with "the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials *or other competent persons* of the State of destination," *see id.*, Article 10(c) (emphasis added).

The United Kingdom, on behalf of Bermuda, took a very limited reservation with regard to paragraphs (b) and (c) of Article 10, stating that "documents for service *through official channels* will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular, or diplomatic officers of other Contracting States." *See* Declaration of the United Kingdom, Hague Convention ("Declaration") (emphasis added), ¶ d; *Koehler v. Dodwell*, 152 F.3d 304, 307 (4th Cir.1998). This narrow exception applies only to documents sent through "official channels." *See Koehler*, 152 F.3d at 307. In a footnote responding to a letter requesting interpretation of the reservation to Article 10(c), the United Kingdom further explains this reservation, confirming that the declaration does not preclude service "directly' through a competent person other than a judicial officer or official." *See* Declaration fn.*.

Therefore, provided that the process servers who personally served Murphy constitute "other competent persons" under Article 10(c) of the Hague Convention, service

---

1. The action captioned 04–8141 is a class action.

2. Therefore, the Court has previously denied the Motion as to Murphy's claims under 12(b)(6).

3. In the action captioned 05–7886, plaintiffs never attempted to reserve defendant Murphy, relying instead on the initial service by private process server. *See* Def.'s Status Report, dated November 22, 2006, 2.

was proper. Defendant Murphy was personally served by plaintiffs' agents in each action. Service of process in Bermuda is governed by the Rules of the Supreme Court 1985, which require personal service on the defendant by plaintiff or plaintiff's agent. *See* Rules of the Supreme Court, 1985, Order 10/1(1). The private process servers who personally served Murphy constitute competent persons for purposes of service under Rule 10.

■ Because this Court deems service of process on defendant Murphy valid, it need not address Murphy's alleged evasion of service. Additionally, as to defendant's claims that service was improper due to untimeliness, this Court is not inclined to consider the delay in service unreasonable in light of plaintiffs' persistent attempts to serve defendant through a variety of methods. Plaintiffs have clearly shown "good cause" for the failure to serve within 120 days under Fed. R.Civ.P. 4(m).

### CONCLUSION

Based on the foregoing, because service on defendant Murphy was proper pursuant to Bermuda law and the Hague Convention, defendant Murphy's Motions to Dismiss are hereby denied.

It is **SO ORDERED**